SIDNEY B. CHENEY, plaintiff in error, vs. RICHARD W. RODGERS, defendant in error.

1. Where a homestead, duly laid off, for the use of a married woman and her children, was sold and the money used to buy another place, and a deed to the latter was taken in the name of the husband and wife, but at the foot of the deed it was recited that the land was purchased as an investment of the proceeds of the sale at the homestead, and with such proceeds:

*Held*, that this was substantially a deed to the husband of the land, with a homestead thereon, for the benefit of the family.

2. A purchaser of the land from the husband, or from the husband and wife, without the approval of the ordinary, got no title as against the homestead interest. He and purchasers from him, claiming the land under the deed to the husband and wife with such recital thereon, are charged with notice of the recital.

Homestead. Notice. Vendor and purchaser. Before Judge HALL. Rockdale Superior Court. October Term, 1874.

Sidney B. Cheney, for herself and her minor children, brought complaint against Richard W. Rogers for a tract of land. The defendant pleaded the general issue. The plain-tiff showed title in herself under a deed made by Thomas L. Russell on April 12th, 1870, which contains this recital: "The said sum of money invested in the land for which this deed is made, is the proceeds arising from the sale of a home-stead set apart by the court of ordinary of Jasper county, Georgia, to William R. Cheney, his wife and children, by virtue of an order from said court."

The defendant claimed under a deed made by the plaintiff

and her husband to Thomas T. Thrasher. One J. P. Rosser purchased from Thrasher, and defendant from him. There was conflicting testimony as to whether Thrasher purchased with actual notice of the fact that the land was homestead property, and whether the plaintiff signed the deed with her husband voluntarily.

The jury found for the defendant. The plaintiff moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in charging the jury, "that although the land in dispute may have been bought with the proceeds of homestead property sold by plaintiff, and therefore took the place of such homestead property, still, if Cheney and wife sold the land in dispute to Thrasher for a valuable consideration, and Mrs. Cheney freely and voluntarily executed a deed to Thrasher, then, by such conveyance, plaintiff conveyed title out of her, and that if they so believed they should find for the defendant."

2d. Because the court erred in charging the jury, "that although they might believe that plaintiff's free and voluntary consent was not given for the sale, still, if you find that Thrasher sold to Rosser, and Rosser to defendant, and at the time the latter bought the land, he had no notice that the land had been purchased with the proceeds of homestead property, and did not have notice that the plaintiff had failed or refused to give her voluntary consent to the sale, and had no notice that the land was sold to pay the debts of Cheney, then he is protected, and you should find for the defendant."

3d. Because the court erred in refusing to charge the jury as requested by the plaintiff, "that the land in dispute could not be sold without the approval of the ordinary."

The motion was overruled, and the plaintiff excepted.

CLARK & PACE, for plaintiff in error.

J. J. FLOYD; J. C. BARTON, for defendant.

McCAY, Judge.

1. The sale of a homestead ought only to be for reinvestment, and it is a great defect in the law that the ordinary is not required to see that the reinvestment is made. The Code, section 2047, is express that the proceeds of the sale shall go to the use of the debtor's family. This is the object of the homestead provision; and on a sale of the homestead as laid off, we are clear that the reinvestment ought to be for the same purposes as the original appropriation. It seems, in this case, to be unquestionable that the homestead as originally laid off was sold and the proceeds invested in the property in dispute. It is very plain, too, that upon the face of the deed this fact distinctly appeared. The deed, it is true, was in the former part of it simply taken to the husband and wife, but at the foot of the deed, and forming a part of the instrument, it was distinctly stated that this land was bought with the proceeds of the sale of the homestead, as laid off under the judgment of the ordinary. This would have charged the grantees of the deed with the obligation to hold it for the same uses as the homestead, to-wit: not for the husband and wife alone, but for the family, and put it instead of the homestead, and anybody dealing with them, with notice, would stand as they did, and deal with it as homestead property: See *Murray vs. Sells*, 53 *Georgia*, 257.

2. The only question in this case is the question of notice. Was the recital in the deed to the husband and wife notice to the defendants in the action below? It is a well settled rule that a party is charged with notice of recitals in any deed under which he claims title: Jumel *vs.* Jumel, 7 Paige R., 591; Harris *vs.* Fly, 7 Paige, 421; Moore *vs.* Bennet, 2 Chan. Cas., 246; Walker's Chancery R., (Michigan) 463. It is absolutely necessary for the defendant to rely on the deed to the husband and wife. He claims under that deed. Can he claim under it and deny a fact recited in it? We think, therefore, the defendant, and all claiming under the deed to the husband and wife, are charged with notice of the

recitals in that deed.  If he did not in fact see it, his own negligence is the cause of it.  As, under this deed to the husband and wife, the property was a homestead, it could not be sold without the consent of the ordinary.  That is a *sine qua non*, and the purchasers got only a voidable title.  For this reason we think the verdict wrong.

Judgment reversed.