### BONDS *et al. vs.* STRICKLAND *et al.*

(WARNER, Chief Justice, was providentially prevented from presiding in this case.)

Where homestead was set apart and sold by consent of the ordinary, and the proceeds used for the family, the purchaser acquires an

equity, and if the debt be such as could not sell the homestead in the hands of the family, it ought not to sell it in the hands of those whose money has been used by the family—and in such a case, the whole homestead law being anomalous, the claimant may invoke the title of his vendors to protect his claim and induce a finding of not subject.

Equity. Claim. Homestead. Title. Vendor and purchaser. Before Judge Rice. Gwinnett Superior Court. March Term, 1878.

Reported in the opinion.

F. F. Juhan, by brief, for plaintiffs in error, cited (as to the sale of homestead,) 54 *Ga*., 548; Code, §§3583, 2246. (As to effect of taking dower,) 49 *Ga*., 231, 630; 40 *Ib*., 558; Code, §1763; 21 *Ga*., 161; Code, §1766; 50 *Ga*., 597; 49 *Ib*., 582.

W. E. Simmons, for defendants, cited 55 *Ga*., 384; acts 1876, p. 51–53; Code, §3583; 51 *Ga*., 570.

Jackson, Judge.

These were two claim cases turning on the same facts and agreed to be tried together.

The judge, by the agreement, passed upon law and facts as agreed to, and the facts agreed to are substantially as follows :

The land levied on belonged to Culver at his death, in June, 1870. It was set apart as homestead to Mrs. Culver and five children, July 15, 1870. On the 24th of June, 1871, the widow, by consent of the ordinary, sold and conveyed the land to Wilson, (three adult children of Culver joining in this conveyance,) who, on the 7th of March, 1876, sold to Strickland, the claimant. On the 7th of November, 1876, this land was levied upon by the *fi. fa*. in favor of plaintiffs, which *fi. fa*. was issued upon a judgment *quando* which plaintiffs obtained against Schaffer, Culver's administrator. Culver was county treasurer when he died, giving bond 25th September, 1868, having been elected the April pre-

ceding.    These plaintiffs were his sureties—they were sued
on the bond, Culver's administrator, Schaffer, not being
sued with them, because he had not been administrator
twelve months.    At March term, 1874, judgment was ren-
dered against them, the sureties.    They paid it off and sued
and got judgment *quando acciderint* against Schaffer, he
having pleaded *plene administravit.*    The *fi. fa.* issued on
this judgment *quando* is the *fi. fa.* levied on this land.

The widow is living, and two of the children are still
minors.    The widow, in 1874, took dower out of other
lands of her deceased husband.

On these facts, the court below adjudged the land not
subject, and the question is, did the court adjudge right?

Cases growing out of homestead laws are anomalous, and
it is difficult to apply strict legal principles to them.    For
this reason this case is not easy to be solved.    That this
widow with her five minor children had a right to home-
stead out of this land as against these creditors seems to us
clear; the bond was given after the constitution of
1868, and if that be the date of the debt against Culver,
which is the most favorable view for them, the homestead
is superior, under the constitution of 1868, to their claim.
It is true, that on behalf of the three adult children, the
right of the widow and minors to homestead might be called
in question on the principle of the dissenting opinion of
Judge WARNER in the case of *Hodo vs. Johnson & Heath,*
40 *Ga.,* 439; but the court in its judgment in that case de-
cided that the homestead was good even as to their shares as
heirs-at law.    Besides, in this case the three adult heirs have
conveyed their title to Wilson, and he to Strickland.    So
that they are out of this question.

The widow sold by consent of the ordinary, and whilst
under the adjudications of this court it may well be ques-
tioned whether she could, even with the ordinary's assent,
pass the title, yet the legislature of 1876 has given the
purchaser certain rights and remedies.    In this case the
consideration has been used by the widow and her minor

children, and the purchaser certainly has an equity against them, and may well claim to be subrogated to their rights. Their homestead could not be sold by these creditors if they were in possession, and if they have consumed the fruits of it gathered from Strickland, or Wilson who sold to him, ought not equity to protect it in his hands? Ordinarily a claimant cannot protect himself, it is true, by showing title in another, and thus showing it out of the defendant in execution; but if he has paid his money for the land, and can make an inchoate title good by tacking to his own his vendors', why should he not do so?

These homestead cases being anomalous, and the legislature having passed laws which seem to be intended to settle them all as between the original parties and their vendees and the creditors upon equitable principles, we shall not disturb the judgment of the court below finding this property not subject. The judgment is *quando*. This administrator could not recover this land against the homestead, and these creditors, we think, cannot recover it against the same title; and that title in equity may be invoked by the claimant to aid his own.

The dower was taken by the widow four years after this homestead, out of other lands, and that cannot be used to defeat the equity of purchasers who bought before the dower was applied for.

In view of all the facts, we affirm the judgment.