ROSSER *vs.* CHENEY *et al.*

1. As ruled by this court in 54 *Ga.*, 168, the purchaser and those claiming under him, are charged with notice of the recitals in the deed from Russell to Cheney and wife. The verdict was contrary to law as applicable to the facts in evidence, and there was no error in granting a new trial.

2. The curative provision in the constitution of 1877, in relation to the sale of homesteads, is not applicable to a sale not approved by the ordinary.

Ejectment. Deeds. Notice. Vendor and purchaser. Before Judge HALL. Rockdale Superior Court. April Term, 1878.

The ejectment suit of Cheney *vs.* Rogers, reported in 54 *Ga.*, 168, was enjoined by a bill filed by Rosser, under whom Rogers held. The two cases were tried together, and resulted in a verdict for the defendant in ejectment. Mrs. Cheney moved for a new trial. The motion was sustained and Rosser excepted.

It is only necessary to state that the court excluded all testimony tending to show that those holding under Mrs. Cheney purchased without notice, that the land in controversy represented the proceeds of homestead property, and charged that they were all bound by the recitals in the deed from Russell to Mr. and Mrs. Cheney, to the effect that "the said sum of money invested in the land for which this deed is made, is the proceeds arising from the sale of a homestead set apart by the court of ordinary of Jasper county, Georgia, to William R. Cheney, his wife and children, by virtue of an order from said court."

The jury found in the teeth of these rulings, and hence the new trial was ordered.

J. J. FLOYD; J. C. BARTON, for plaintiff in error, cited Kerr on F. & M., 102, 103, 243, 257, 255.

CLARK & PAGE, for defendants.

BLECKLEY, Justice.

1. The ruling made in 54 *Ga.*, 168, in a branch of this same litigation, must, if steadily kept in view and pursued to its consequences, control the result in favor of the beneficiaries of the homestead. According to that ruling, the first purchaser and those claiming under him, stand charged in law with notice of the recitals in the deed from Russell to Cheney and wife. That deed forms a link in the chain of their title, and this court has held that its recitals affect them, whether they examined it or not. They might and ought to have examined it, and are in the same situation as if they had examined it. Notice is not synonymous with knowledge, but has a much broader signification. If a person either knows a thing or is legally bound to inform himself of it, he has notice. The law is not indulgent to ignorance where diligence has been omitted. The verdict of the jury was contrary to the law as heretofore laid down by this court, in the application of that law to the facts in evidence, and the grant of a new trial was inevitable.

2. The curative provision in the constitution of 1877, in relation to the sale of homesteads, cannot be extended to the present case, for the reason that that provision, as we construe it, was intended to operate only where the parties had pursued the statutory mode of conveying the property in question. That mode required the approval of the ordinary to be indorsed upon the deed. Code, §2025. Here there was no approval indorsed, and, so far as appears, the ordinary was not consulted in relation to the sale of this particular property. That he may have approved the sale of

the homestead proper, the proceeds of which sale were invested in this land, would not dispense with a like approval when the second sale was attempted. Doubtless, the constitution could be applied between the parties to the former sale, if the property which was the subject of that sale were to come in controversy.

Judgment affirmed.