ROBERTS, guardian, *vs.* ROBINSON.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

A mortgagee without notice, actual or constructive, of the homestead character of the property mortgaged, will be protected against a claim of the beneficiaries of the homestead.

Homestead Mortgage. Notice. Before Judge HOOD. Early Superior Court. April Term, 1879.

This was a claim case, submitted to the court without a jury, on an agreed statement of facts, in substance, as follows:

On February 1, 1869, Mary Vann, as head of a family of minors, had set apart as a homestead part of lot No. 151, in Miller county. On December 2, 1872, under approval of the ordinary, she exchanged this for lot No. 56, in Early county, taking the deed to herself individually. She and the children moved on the place, accepted it as their homestead, and have ever since so held and considered it. On March 13, 1875, she made a deed to one Long, a "cropper" of hers, to enable him to get supplies for himself and her to run the farm. He took with full knowledge, and merely acted for her as stated. On March 15, 1875, Long mortgaged the place and a mule worth $100.00 to Robinson, and obtained the supplies. On May 22, 1875, Mrs. Vann died insolvent. Claimants are her minor children and the beneficiaries of the homestead, appearing by guardian. There is no administration. Long is insolvent and has absconded with the mule.

Robinson had no actual notice of the homestead, and no knowledge of any claim of homestead in this lot. He has foreclosed his mortgage and levied; a claim has been interposed.

The court held the land subject, and claimants excepted.

I. A. BUSH; JACKSON & LUMPKIN, for plaintiff in error.

Day et al. vs. The State.

E. C. Bower, for defendant.

Jackson, Justice.

If the mortgagee had notice of the homestead nature of the lot of land levied on under the mortgage *fi. fa.*, even then, if the goods furnished were used by Mrs. Vann and her children, the land could probably be subjected to the extent that they were so used for their support and to make a crop. But there is no proof that Robinson knew of the homestead character of the property. He was a mortgagee without any notice at all. The deed from Leonard to Mrs. Vann was absolutely to her, and nothing appeared thereon going to show that she held it as a homestead—so hers to Long, the mortgagor, was on its face in like manner a deed without any appearance of homestead or trust of any sort thereon. Moreover, it is admitted that while Long knew that this land was exchanged for the homestead owned by the family in another county, Robinson, the mortgagee, knew nothing about it at all. He is therefore an innocent mortgagee, without notice, and is protected. *Cheney vs. Rodgers*, 54 *Ga.*, 168 covers this case in principle. See cited by counsel for plaintiff and defendant, Code, §§2054, 5135; 55 *Ga.*, 383; 56 *Ga.*, 577; 59 *Ga.*, 330, 835; 60 *Ga.*, 624; acts of 1876, p. 51.

Judgment affirmed.