ROSSER *vs.* CHENEY *et al.*

1. Where an action of ejectment has been brought and a bill is filed by defendant therein to enjoin the ejectment case, the court cannot, over the objection of either party, order the common law and equity case to be tried together.

2. Although the court erred in ordering the two cases to be tried together, yet under the previous rulings of this court, the verdict could not be other than it was, and the judgment is affirmed.

Practice in the Superior Court. Verdict. Before Judge SPEER. Rockdale Superior Court. August Term, 1879.

To the report contained in the decision it is only necessary to add that the court ordered the ejectment case of Cheney *et al. vs.* Rosser and the equity case of Rosser *vs.* Cheney *et al.*, brought to enjoin the ejectment case, to be tried together, over the objection of defendant in ejectment, and this is one of the errors complained of.

J. J. FLOYD; J. C. BARTON, for plaintiff in error.

CLARK & PAGE, for defendants.

JACKSON, Justice.

This case was before this court as reported in 54 *Ga.*, 168, when it was held that the purchaser, Rosser, was affected with notice of the recitals in the deed from Cheney and wife to Russell, under whom Rosser held; and that those recitals showed that the property bought was homestead for the family, and the conveyance by husband and wife without the assent of the ordinary passed no title. That decision in the 54th fixed the law of the case in ejectment on the facts thereof. Subsequently the defendant in ejectment brought a bill in equity enjoining the suit in ejectment, and that bill was tried and the case again brought to this court and is reported in 59 *Ga.*, 861, where the former ruling, as reported in the 54th *supra*, is virtually held to conclude the parties, and the judgment for complainant in

equity was reversed on that ground, and it is there held that this land is the homestead of this family, at least so long as the original homestead in Jasper county is not reclaimed by, or restored to, the family. It was again tried, the jury found the same verdict, and the court below granted a new trial on the ground that the verdict was against the law of the case applicable to the facts thereof, and in 61 *Ga.*, 468, that grant of a new trial for that reason was affirmed. The equity and common law cases were again tried *together against the objection of Rosser's counsel,* when the verdict was at last rendered for the homestead in Cheney's family, and Rosser excepted, and the case is again before us.

We know of no law which empowers the superior court to try an equity and common law case at the same time and before the same jury against the protest and without the consent of either party; and the practice being without law is, in our judgment, wrong, and ordinarily would constrain us to grant a new trial; but the law of this case on its facts has been so often adjudicated by this court, and as the verdict must be repeated if tried again, law and facts as three times ruled demanding it, it would be productive of no practical benefit, but a mere consumption of time and expense to the county to try it over, therefore in this case we shall not send it back, though the two cases at equity and law were tried *together* wrongfully, but we shall settle the litigation by affirming the judgment.

Judgment affirmed.