BRUMBY, trustee, *vs.* BELL.

Where a creditor by mortgage files his bill alleging that another senior creditor of the common debtor held but an equitable mortgage, though in the form of an absolute deed, that by reason of payments of usury made to him, his debt was nearly settled, that he was about to sell to an innocent purchaser, etc., and praying an accounting and the writ of injunction, the discretion of the chancellor exercised in granting the injunction until the hearing will not be controlled, the evidence submitted by the respective parties being conflicting.

Injunction. Usury. Mortgage. Before Judge HILLYER. Fulton Superior Court.   April Term, 1880.

Reported in the opinion.

W. I. HEYWARD, for plaintiff in error.

M. J. CLARKE, for defendant.

CRAWFORD, Justice.

The defendant in error filed his bill in equity in which he alleged substantially that Marcus A. Bell, on the 12th day of December, 1872, borrowed from John W. Brumby, trustee, etc., $2,500.00, for twelve months, and for which he was to pay interest at the rate of one and one-half per cent. per month.   In order to secure the payment of the said $2,500.00, he agreed to have McMillan & Snow, who were holding for him the legal title to a certain city lot in Atlanta, to secure them for borrowed money, to

Brumby, trustee, vs. Bell.

make to the said Brumby a deed to the said lot, which he was to hold as collateral for the debt until the same was paid.

At the time of the making of the deed by McMillan & Snow to Brumby, a paper writing was also made, authorizing the said Brumby to collect the rents arising from the property, pay himself $37.50 therefrom, which was the interest on the said $2,500.00, at one and one-half per cent. per month, and to pay over the balance to the said M. A. Bell. It was further stipulated in said paper writing, that if the $2,500.00 were not paid by December 12th, 1873, then the said Brumby was to insert his name in the deed, which before that time was to be in blank, and have the same recorded; give Bell a bond for titles under the law of 1871-2; the contract for the receipt and payment of the rents was to continue until December 12th, 1874, and if the debt were not then paid the deed was to become absolute. The complainant further alleges that the said Brumby did not abide by the contract, but before the expiration of the time, inserted his name in the deed, collected the rents, claimed the title, although he still retained the note.

That on the second day of September, 1873, the said M. A. Bell, owing the complainant $1,327.00, gave him his promissory note for that amount,and on the fourth day of March, 1874, executed to him a mortgage on this same city lot to secure the said debt. That the said Brumby has received upon his note large sums of usurious interest continuously from the making of the contract, and that if the same were applied, as in equity it ought to be, to the payment of the principal and lawful interest, that the same would be discharged, and if not altogether discharged, that upon a fair sale of the property, unclouded by the claim of the said Brumby under his said deed, that the balance due, if any, could be paid and the residue applied to the payment of complainant's mortgage debt. The insolvency of M. A. Bell is alleged, and that he has no

means out of which this debt may be paid except from this property. That the transaction between J. W. Brumby, trustee, and M. A. Bell amounts to nothing more than a mortgage, the title in equity being in Bell, and he prays that the title may be inquired into and decreed to be in Bell, and that which is held by Brumby to be but a mortgage, that an accounting between Bell and Brumby be had as to the rents, and that the money so received be applied to the payment of the principal and interest, and the usury be purged. That the property be decreed to be sold and the proceeds applied to the payment of any balance due to the said Brumby, and the remainder to the payment of complainant's debt.

By an amendment to his said bill complainant alleges that the defendant, Brumby, is endeavoring to sell the property, and if it should pass into the hands of an innocent purchaser without notice, that the rights of complainant would be imperiled, and therefore he prays an injunction, which was granted by the court, and the defendant excepted.

The defendant relied before the chancellor as well as before this court upon the want of equity in the bill to dismiss the same, and thereby to prevent any injunction. Taking the facts as they are set out, we think that there is sufficient equity to entitle the complainant to be heard, and as the judge below in looking to the bill, answer and affidavits, held that the disputed questions of fact should be settled by a jury before he could intelligently pass upon the rights of the parties, we affirm the judgment.