## CITY BANK OF MACON *vs.* SMISSON *et al.*

Where a homestead was sold for the purpose of the removal of the family to another state, and the making of a re-investment there, the reversionary interest of the head of the family, in the hands of the purchaser, was subject to levy and sale by a creditor of the former.

(*a.*) The policy of the state in respect to its homestead laws discussed.

(*b.*) While a purchaser may be subrogated to the rights of the head of the family, yet a sale and removal from the state terminates any immunity from levy, at least as to the reversion.

(*c.*) The proceedings to sell the homestead being by law recorded in the county where the land lay, and the petition to sell showing on its face the intention to remove and settle in another state, the purchaser had notice thereof.

(*d.*) *Semble*, that upon removal of the debtor from the state, his homestead terminated, and a levy on and sale of the reversion would carry the entire title.

October 21, 1884.

Homestead. Constitutional Law. Public Policy. Vendor and Purchaser. Levy and Sale. Notice. Before Judge SIMMONS. Crawford Superior Court. March Term, 1884.

· This was a claim case submitted to the presiding judge upon an agreed statement of facts, which showed, in brief, as follows : In February, 1877, Bryant, as head of a family, consisting of his wife and minor children, had set aside to him a homestead in certain property in Crawford county. In March, 1878, the City Bank of Macon obtained a judgment against him. In November, 1883, Bryant procured an order from the judge of the superior court for the sale of the homestead. The application showed that his purpose was to remove with his family to Texas and re-invest there, and he did remove immediately after the sale. He and his wife sold the homestead estate, and also the fee to Smisson. The City Bank caused the *fi. fa.* issued from their judgment to be levied upon the reversion, and a claim was filed by Smisson. The presiding judge held the property not subject. Plaintiff moved for a new trial, which was refused, and it excepted.

GUSTIN & HALL ; W. E. COLLIER, for plaintiff in error.

DUNCAN & MILLER ; A. C. RILEY, for defendants.

JACKSON, Chief Justice.

The City Bank of Macon levied a *fi. fa.* on the reversionary interest of D. W. Bryant on a tract of land set apart as a homestead. It was claimed by B. T. Smisson. On an agreed statement of facts, the case was submitted to the presiding judge, who found for claimant, and adjudged accordingly.

1. The controlling legal question made is, when the homestead is sold with a view of removing from the state and re-investing in another state, does the purchaser take such an estate as to prevent a levy by the creditor of the head of the family on the reversionary interest in that head?

The policy of the state is to increase, not to diminish, her population. The policy of her constitutional provisions to secure homes to her people is to settle them in permanent homes within her limits. True, those laws, as construed by this court, allow the sale of the homestead, in order to re-invest the money in a more eligible or desirable home. Where? Certainly within her limits and on her own territory, and not abroad, out of her jurisdiction and under another dominion. Code, §2025.

It is also true that, when the sale is made for re-investment in this state, the purchaser is subrogated in equity to the rights of the head of the family. 60 *Ga.*, 624.

But what rights has the head of the family, or the family, after removal from the state?

Suppose Bryant had not sold, but had removed, he and his family, to Texas, is the creditor to wait until he ascertains the death of the head and wife, and the extinction of the interest of all the *cestuis que trust?* We think not. On the contrary, when he expatriates himself and his family from Georgia, he needs his land here no longer as a home for himself and family, and on his removal, the creditor assuredly may levy on the reversion, probably on the homestead itself. The purchaser can take no immu-

nity from levy that the family did not possess. He may be subrogated to their rights, but to no more.

It seems to us, therefore, clear that the judgment of the court below is wrong in holding that the reversionary interest, at least, was not liable to the judgment debt of the bank, at least to the levy of the execution thereon, which amounts to the same thing, as the question was, can it be levied on?

The statute requires all the proceedings to be recorded in the county where the land lies, and these proceedings—the petition for sale itself—show the intended removal to, and settlement in, Texas. So that the purchaser had record notice that he would not be protected against the levy, as the family no longer would be. See Code, §2025. Besides all this, it would seem that the case of *Skinner vs. Moye*, in 69 *Ga.*, 476, rules this. There it was held that, where the entire fee was sold, as in this case, the levy could be made.

It was ingeniously said by the counsel for defendant in error that, if the homestead terminated when Bryant removed, then there was no reversion to levy on, and the levy should have been upon the whole estate. The reversion is the whole estate, if such be the case, as we rather think it is, and when it was levied on, if Bryant had then left the state, all the estate was levied on, for it all reverted to him, and was subject to his debts when he abandoned Georgia. In such case, the purchaser who bought the reversion would buy all the estate. It is enough, however, to rule in this case that the reversion, whether more or less, is subject to levy under the facts this record makes.

Judgment reversed.