## WEAVER *v.* SAFFOLD.

1. When there is nothing of record to put a bona fide purchaser of land upon notice that it had been bought by his vendor with the proceeds of a homestead set apart to the latter upon his own application, and it appears that, upon inquiry made by the purchaser of the seller, who was in possession, he stated that he had formerly taken a homestead but that it did not amount to anything and never did him any good, and also that the homestead so taken did not in any way affect the land then being sold, that it was his own land and the title was all right, such purchaser, as to the beneficiaries of the original homestead, should be treated as an innocent purchaser without knowledge of the homestead character attaching to the property.
2. If, under the evidence appearing in the record, the land in controversy could be regarded as property purchased with the proceeds of a homestead, which is by no means clear, the evidence demanded a finding that the defendant was an innocent purchaser without notice ; and the verdict being to the contrary, it ought to be set aside.

Argued April 16, — Decided May 7, 1897.

Complaint for land.   Before Judge Beck.   Upson superior court.   May term, 1896.

*J. A. Cotten* and *Worrill & Lester*, for plaintiff in error.
*J. Y. Allen* and *M. H. Sandwich*, contra.

FISH, J.   1. Nettie Saffold, suing in her own right and as next friend of her minor children, brought complaint for land against G. A. Weaver.   There was a verdict for plaintiff, and upon defendant's motion for a new trial being overruled, he excepted.   In 1894 the defendant bought the land sued for, from W. H. Saffold, husband of the plaintiff.   The contention

of the plaintiff was, that whilst the deeds to this land were to her husband individually, and whilst he was in possession of it at the time that he sold and conveyed the same to defendant, yet it was nevertheless paid for with rents, profits and proceeds of a homestead granted to her husband, in 1881, for the benefit of herself and minor children, and that the homestead lands were sold under an order of the judge of the superior court. It appears from the evidence that, in the order to sell the homestead land, one Mallory was appointed guardian ad litem, and he was to see to the reinvestment of the proceeds of the sale of the homestead. The lands in which such proceeds were to be reinvested were not mentioned, but they were to be reinvested "in some other lands more convenient to petitioner." It nowhere appears that Mallory ever had anything to do with the purchase of the lands in dispute. The evidence shows that Weaver was a bona fide purchaser; that when he bought from W. H. Saffold there was nothing of record to put him upon notice that the land had been bought by Saffold with the proceeds of a homestead set apart to him upon his own application; and when Weaver inquired of Saffold (who was in possession of the lands sued for) if the latter did not have a homestead, he told Weaver, according to Saffold's testimony, " I took homestead on a little place in Blackankle, but that it didn't amount to anything — never done me any good," and, according to Weaver's testimony, uncontradicted by Saffold, he said, " Yes, did take homestead on a little place in Blackankle, but that it didn't affect this land in any way ; said this was his own land, and the title was all right." Weaver testified that he had no notice of any homestead interest in the lands ; and there was no evidence showing that he had such notice. It therefore follows that Weaver, as to the plaintiff and her minor children, beneficiaries of the original homestead, should be treated as an innocent purchaser, without knowledge of the homestead character attaching to the property.

2. If, under the evidence appearing in the record, the land in controversy could be regarded as property purchased with the proceeds of a homestead, which is by no means clear, the evidence demanded a finding that the defendant was an inno-

cent purchaser without notice ; and the verdict being to the contrary, it ought to be set aside.

*Judgment reversed.   All the Justices concurring.*