### REED, trustee, *v.* HOLBROOK.

1. An exemption of personalty which was applied for December 7, 1877, and granted January 2, 1878, and which embraced property amounting to less in value than is allowed under the constitution of 1877, is valid as against debts subsequently contracted, and the court below erred in holding to the contrary.

2. The court also erred in holding that the property claimed as exempt in this case was subject to a fi. fa. issued from a judgment obtained upon a debt contracted subsequently to the allowance of the original exemption, it appearing that the property sought to be subjected constituted the proceeds of the exempted property, in connection with the labor of the applicant and his family.

Argued June 20, — Decided July 24, 1901.

Levy and claim.    Before Judge Reese.    Hart superior court. December 24, 1900.

*W. L. Hodges, J. H. Skelton,* and *O. C. Brown,* for plaintiff in error.    *A. G. McCurry,* contra.

LEWIS, J.    Land levied on under an execution against Reed was claimed as homestead property, in a claim filed by him in behalf of his wife.    On the trial he admitted that he was in possession of the property, and assumed the burden of proof.    He testified: "I am the head of a family, now consisting of myself and my wife, Amanda Reed.    At the time the homestead was set apart she was my wife. . .    I did not [then] own any land, but the land now levied on is the proceeds of my homestead, purchased and paid for out of the annual crops and accumulations made by the use of the property set apart in the homestead, in connection with my labor and the labor of my wife and children."    It appears that the exemption in question was applied for December 7, 1877, and was granted in January, 1878.    The application stated that the exemption was applied for "under article 7, section 1, of the constitution of the State of Georgia of 1868."    Counsel for the plaintiff objected to its introduction, basing their objection on the ground that it was void as to judgment creditors, for the reason that the homestead was set apart under the constitution of 1868, after the adoption of the constitution of 1877.    The court sustained the objection.    No further evidence was introduced.    The court directed a verdict that the property was subject; and the claimant made a motion for a new trial, on the grounds that the verdict was contrary to law and the evidence, and that the court erred in excluding from evidence the exemption papers, and in directing a verdict.    The motion was overruled, and the movant excepted.

If the exemption of personalty involved in this case had been greater in amount than that allowed under the constitution of 1877, the question might well be raised as to its validity.    Such, however, is not the case.    While the application stated that it was made under the constitution of 1868, the fact is that the exemption was applied for after the adoption at the polls of the constitution of 1877, and was granted after the Governor had officially proclaimed the result of the election.    The value of the personalty set apart was well within the limit allowed by the constitution of 1877, being

74

far below $1,600; and the mere fact that the application stated that the exemption was applied for under the constitution of 1868 can not affect the validity of the homestead granted under the constitution of 1877. It is quite true that one can not have a homestead or exemption set apart to him which shall be governed by a law which has gone out of existence before the homestead or exemption is applied for or set apart; but the original exemption in the present case is governed as much by the constitution of 1877 as by that of 1868, and will not be declared worthless simply because the application prayed that it be set apart under the constitution of 1868. We conclude, therefore, that the court below erred in excluding evidence as to the existence of the homestead, and in directing the jury to return a verdict finding the property claimed subject to the plaintiff's fi. fa.; and we accordingly send the case back for a new trial.        *Judgment reversed. All the Justices concurring.*