## WALDEN *v.* BRANTLEY COMPANY.

1. Though land bought with the proceeds of a homestead is homestead property, and ordinarily stands, as to exemptions from sale, on the same footing as the original homestead, this is not true as against the rights of one who bona fide and for value acquires a lien on such land, without knowledge, either actual or constructive, of its homestead character.
2. Applying the rule above announced to the conflicting evidence in the present case, and giving to the defendant in error the benefit of that view of the same most favorable to it, as it was the right of the judge to do, there was no abuse of discretion in refusing to grant the interlocutory injunction.
3. The ruling made in *Broome* v. *Davis*, 87 *Ga.* 584, is not in conflict with this ruling.

Submitted June 28, — Decided August 9, 1902.

Petition for injunction. Before Judge Bennet. Pierce superior court. May 2, 1902.

*J. C. McDonald*, for plaintiff. *L. A. Wilson*, for defendant.

LITTLE, J. Walden as head of a family sought to enjoin the Brantley Company from selling a house and lot in the city of Waycross. By his petition he made substantially the following case: In March, 1877, he had set apart to him, as the head of a family, a homestead of realty and personalty, the realty being a certain place whereon he then resided. Thereafter, in 1881, under an order granted by the judge of the superior court the realty and some of the personalty exempted were sold, and the proceeds were reinvested in a house and lot on Albany avenue in the city of Waycross. In 1899 that property was exchanged for the house and lot situated on the northwest corner of Isabella and Remshart streets in the same city. He removed his family there, and that has been their home continuously to this day. This last-named property was purchased with the proceeds of the homestead which had been regularly set apart to him. The deed conveying this property to petitioner was made by A. L. Johnson. It conveyed the land directly to petitioner, and was duly witnessed and recorded. In the

year 1901 petitioner and C. T. Walden, his brother, engaged in the naval stores and turpentine business in Clinch county and bargained for a turpentine plant from one Guthrie, who was indebted to the A. P. Brantley Company. Guthrie sold this plant to the petitioner and his brother and took their promissory notes in payment therefor. These notes Guthrie transferred to his creditors, and in that way the Brantley Company came into possession of them. Petitioner and his brother borrowed $500 from the Brantley Company, and executed a mortgage to secure the notes so transferred, as well as the $500 borrowed, covering certain property, among which was the property in question. The petitioner alleged that he had no right to execute that mortgage, and that the Brantley Company knew or ought to have known such fact, as the property was homestead property; that the mortgage given contained a power of sale and the Brantley Company were proceeding under that power to sell, were advertising all of the property described in the mortgage, and, if not restrained, would sell the house and lot in Waycross. Waiving discovery, petitioner asked for an injunction to restrain the Brantley Company from selling the house and lot before described. To this petition were attached copies of the homestead proceedings, which were regular on their face, and set apart certain described property as an exemption of personalty and realty. On the presentation of this petition, a temporary restraining order was granted and a rule nisi directed to issue.

The defendant answered, setting up the fact that petitioner and his brother had borrowed $500 from it, and had executed a mortgage to secure this sum, together with certain promissory notes which it held against the firm of C. E. and C. T. Walden. It denied that the realty described in the mortgage was obtained by the proceeds of a sale of a homestead, but averred that it was the property of the petitioner, and was his property at the time of the execution and delivery of the mortgage; but alleged that if the proceeds of any homestead were invested in this property, it had no notice or knowledge of any such fact at the time, and that it in good faith and for value accepted the notes of C. E. and C. T. Walden, and the mortgage given to secure them. The defendant further answered that, before the execution of the mortgage, it held a note signed by C. E. and C. T. Walden, payable to Guthrie, for $750, and that at the time of the maturity of the same it was not

paid, and the defendant entered suit on the same. Thereupon the Waldens proposed that, if defendant would advance them $500 in money and goods for the purpose of operating their turpentine business, they would secure defendant with the property mentioned in the mortgage. This proposition was accepted, and thereupon the makers of the notes executed a mortgage on the property described, which includes the house and lot in the City of Waycross, to secure their notes, aggregating the sum of $1,200. Before the notes and mortgage were executed, the president of the defendant company asked both C. E. and C. T. Walden if there was any encumbrance on the property sought to be mortgaged, and both stated to him there was not. They also stated that there was no homestead against the property. Defendant acted in good faith throughout the transaction, and took the notes and mortgage bona fide and for value, without any knowledge that any of such property was impressed with the homestead, or proceeds of the homestead.

At the hearing it was shown that in April, 1899, A. L. Johnson, in consideration of $500, conveyed to Charles E. Walden the house and lot in the city of Waycross on the corner of Isabella and Remshart streets. The petitioner, after testifying that he was the head of a family, and that the house and lot had been purchased by the proceeds of the homestead which had been set apart to him, further said that before the execution of the mortgage he told Mr. A. P. Brantley, the chief officer of the defendant company, that while there was no mortgage or lien against the property, yet he had obtained a homestead for his family several years ago, and that the proceeds of that homestead was his Waycross home, on which he was about to execute this lien. He further said that when the original homestead property was sold and reinvested in a home on Albany avenue, he did not obtain from the owner any deed to that place, up to the time he made an exchange of the property on Albany avenue for the property on Remshart street, and when he exchanged the property on Albany avenue for his present home he had the original owner to execute titles to the same to A. L. Johnson, and that Johnson in turn executed to plaintiff title to the property on Isabella and Remshart streets. C. T. Walden also testified that, before the mortgage to the Brantley Company was executed, he had heard his brother, the petitioner, tell A. P. Brantley, of the Brantley Company, that the property he

was mortgaging was the proceeds of an alleged homestead set apart for the use of his family some years ago. Defendant introduced its mortgage, and the evidence of two witnesses who testified, in substance, to the facts set up in its answer, and, among other facts, that the makers of the mortgage came to an agent of the company and proposed to adjust their indebtedness by a mortgage on the property in Waycross; that this was accepted, and the notes and mortgage then executed; and that on inquiry each of the mortgagors said there was no homestead or exemption on the property. At the conclusion of the evidence, the judge refused to grant the injunction as prayed for, and revoked the temporary restraining order, to which Walden excepted.

1. The only question which arises in this case is, whether the trial judge erred in refusing to grant the injunction. It is not contested that at the time of the execution of the mortgage C. E. Walden held a deed to the lot which he had mortgaged, and that Johnson, the previous owner, had executed title to him individually. It has been repeatedly ruled by this court that property purchased with the proceeds of a homestead is as much exempt from levy and sale as the original property set apart as a homestead would be. In the case of *Johnson* v. *Redwine*, 105 *Ga.* 449, it was also ruled that one who takes a mortgage upon land purchased with the proceeds of exempted property, and who knows, or is chargeable with notice, that such was the fact, acquires his lien subject to the exemption rights. On the other hand, the rule that a mortgagee, to the extent of his interest in the land mortgaged, stands upon the same footing as any other bona fide purchaser without notice, has been repeatedly recognized (*Lane* v. *Partee*, 41 *Ga.* 202; *Broome* v. *Davis*, 87 *Ga.* 584); and an innocent purchaser of land, for value and without notice, is protected against any secret equity which another has in such land. So that, assuming that the house and lot in question was purchased with the proceeds of a homestead regularly set apart, yet if, at the time of the execution of the mortgage, the Brantley Company did not have and were not chargeable with notice of such fact, and in good faith advanced money to Walden on the security of a lien on the property, title to which then stood in his name, it took a lien superior to the claim of the homestead thereon. On the contrary, if the company had such notice, or was chargeable with the same, the lien which it took was subject to the homestead right.

2. In this State an interlocutory injunction is not a matter of right, but of discretion. This discretion is entrusted by law, not to the Supreme Court, but to the judges of the superior courts. *Barfield* v. *Putzel*, 92 *Ga.* 442; *Brumby* v. *Bell*, 65 *Ga.* 116. If the Brantley Company took their mortgage with notice that the house and lot on which it took a lien was homestead property either directly or indirectly, then the judge should have granted the injunction. On the contrary, if it did not have such notice, the injunction should not have been granted. Whether it had notice or not was a question of fact. The evidence in relation thereto was in direct conflict. The truth as to the question raised was involved. An equal number of witnesses swore to the contrary as to this point; and the judge, in determining the question, was required to pass on the credibility of the witnesses and determine the truth of the matter. In doing so he gave credit to the witnesses of the defendant; and if they were to be believed, the injunction was rightly and properly refused. This court can not lawfully reverse the judgment, which depended upon the solution of this contested question of fact, unless the judge abused his discretion, and we are not able to say that he did. But it is argued by counsel for the plaintiff in error that the injunction ought not to have been denied, because the damage which would be caused to the plaintiff by a consummation of the sale would inflict irreparable injury upon him and his family, and, inasmuch as the question of notice was a contested one, that the injunction should be granted at least until this question was decided by a jury. In reply to this, it may be said that if the plaintiff had no notice, it was his right to sell the house and lot under his agreement; and having such right, it would work an injustice to him to unduly postpone it. However, these and kindred matters are by law left to the determination of the judge in ruling on the application for injunction. He has ruled in this case. His ruling was amply supported by evidence, and we, not having the information as to the witnesses who testified in the case that the judge had, would only be indulging in a surmise were we to say that, in our opinion, the truth of the contested question was one way or another. So we do not find that his discretion was abused.

3. The ruling made in the case of *Broome* v. *Davis*, supra, is in no sense in conflict with anything which we have herein laid

down. While this court there ruled that land paid for with home-
stead land was homestead property, though the deed to it be taken
in the name of some one else than the head of the family, and re-
versed the judgment of the trial judge who held that the property
was subject to the mortgage execution, because of the fact that it
was homestead property, yet an examination of the case distinctly
discloses that this ruling was made because, at the time of the ex-
ecution of the mortgage, the creditor was charged with notice of
the homestead character of the land.

The trial judge did not, in our opinion, commit any error in re-
fusing to grant the injunction.

*Judgment affirmed. All the Justices concurring, except Lewis,
J., absent.*