REED, trustee, *v.* HOLBROOK.

Where personalty duly exempted was used in connection with the labor of the applicant and his family in the making of crops on land, purchased by him subsequently to the exemption, title to which was taken in his own name, and the proceeds of the sale of the crops were applied to the payment of the purchase-money of the land; such land was subject to a debt afterwards contracted by the applicant for provisions and supplies for himself and family, the creditor having no notice as to how the land had been paid for, and having extended credit knowing that the legal title to the land was in the applicant and upon the belief, in good faith, that he had an absolute and unencumbered title to the same. The record of the exemption was not of itself sufficient to put the creditor on notice of the homestead character of the land.

Submitted July 1, — Decided August 4, 1905.

Levy and claim. Before Judge Holden. Hart superior court. December 22, 1904.

*J. H. Skelton, O. C. Brown,* and *W. L. Hodges,* for plaintiff in error.   *A. G. & Julian McCurry,* contra.

FISH, P. J.   Holbrook had an execution against Aaron Reed levied upon certain land claimed as homestead property by Reed as trustee for his wife.   Upon the trial the claimant admitted being in possession of the land at the time of the levy, and assumed the burden of proof, offering as evidence, to support his claim, the record of the proceedings exempting certain personal property including three horses, several head of cattle, farm supplies and implements, and testimony to the effect that the land levied upon had been bought from one T. T. Holbrook, as agent, etc., with the proceeds of ʼthe sales of crops grown on the land and made with his.labor and that of his wife and children, the beneficiaries of the exemption, and with the use of the exempted property.   The plaintiff testified, that he had no knowledge that the land had been purchased with the proceeds of the sale of such crops, but on the contrary believed the title thereto to be absolutely in Reed individually, as he, the plaintiff, had held the deed conveying the property from T. T. Holbrook into Reed as collateral security for certain indebtedness due him· by Reed ; that for a number of years he had sold Reed provisions and supplies ; that the fi. fa. in this case was based upon a judgment against Reed for provisions, and that he " extended him the credit on the faith of this deed and that title to the land was in Aaron Reed."   This deed, which was to Reed individually and which bore no mark indicating that its consideration was in part the proceeds of exempted property, was also placed in evidence.   The court directed a verdict finding the land subject to the levy.   The claimant made a motion for a new trial, upon the grounds that the verdict was contrary to law and the evidence, and because the court erred in directing the verdict.   The motion was overruled, and the claimant excepted.

When this case was here before (113 *Ga.* 1168), all the questions which are now presented were decided, except (1) as to whether or not the exemption, which was set apart prior to the time credit was extended to Reed by Holbrook, was constructive notice to the latter that the beneficiaries of the exemption had an interest in the land ; and (2) if the record of the exemption was not such notice, whether the lien of the plaintiff's judgment

should be enforced against the secret equities of the beneficiaries under the exemption. In the case of *Walden* v. *Brantley*, 116 *Ga.* 298, where Walden had set apart to him as the head of a family a homestead consisting of realty and personalty, and subsequently sold the real estate and some of the personalty under an order of court and reinvested the proceeds in a house and lot, and sometime thereafter exchanged that house and lot for another, it was held that these facts did not charge a subsequent creditor, who was also a mortgagee, of Walden with notice of the homestead character of the property, and that the property, as against the execution of such creditor, was not exempt. If the head of a family desires to sell or otherwise trade with exempted property, he should do so in the way the law prescribes, and when he disregards the formal requisites of the law he does so at his peril. *Pate* v. *Oglethorpe Co.*, 54 *Ga.* 515. In our opinion, the plaintiff in the case now under consideration was not, under the evidence submitted, chargeable with notice of the homestead character of the property levied upon.

The record of the exemption proceedings not being constructive notice to the plaintiff that the equitable title to the land was in the beneficiaries of the exemption, was the property subject to the plaintiff's levy, he having given Reed credit upon the belief that he owned the land unencumbered? We think it was. There being no notice to the plaintiff, actual or constructive, of the real character of this property, the interest of the beneficiaries under the exemption was no more than a secret equity, and can not be enforced against the claim of a bona fide creditor who gave credit on the faith that the property was Reed's and unencumbered. This is a principle which has been long recognized by this court, it having been held in the case of *Zimmer* v. *Dansby*, 56 *Ga.* 79, that "if the legal title to land be in the husband and he holds the possession thereof under such title, and the title and possession so remain until a creditor, who gave credit on the faith that the property was the husband's, without notice of the wife's equity, reduces his debt to judgment, the lien of such judgment will bind the land and will be enforced against a secret equity of the wife, resulting from the fact that her money paid for the land." The evidence being undisputed that credit was extended to Reed on the faith that the property

to which he held the legal title was his own and unencumbered, and that the plaintiff had no notice of the equities of the beneficiaries therein, the court did not err in directing the verdict finding the property subject.

Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.