### FAISON *v.* LANIER.

RUSSELL, C. J. On December 16, 1909, W. M. Faison purchased from R. F. Donaldson a lot of land containing one acre, designated as lot number 50 according to a recorded plat. On February 16, 1912, Faison, as head of a family, filed an application for homestead, in which he had set apart as exempt "one acre of land, to wit, bounded north by R. F. Donaldson, east and west by lands of C. W. Brannon, and south by lands of J. L. Matthews." On November 23, 1925, Donaldson conveyed by deed to Faison certain lots described therein as lots 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41, according to the recorded plat, same lying adjacent to lot number 50. On November 19, 1919, Faison borrowed from Mrs. Ida Lanier $550, and to secure its payment executed to her a security deed conveying all the lots above mentioned, including lot number 50. After the maturity of this indebtedness on November 1, 1920, Mrs. Lanier filed suit against Faison. No defense was interposed, and judgment was obtained on October 12, 1921, which was declared a special lien on the premises. On December 6, 1921, Mrs. Lanier filed a quitclaim deed to Faison for the purpose of levy and sale, and on December 7, 1921, the fi. fa. was levied upon the property described in the security deed. On December 27, 1921, Faison applied to the ordinary of Bulloch County for a supplement to his original homestead of February 16, 1912, reciting that he was still the head of a family, and, "while laboring thereunder, has added to his real property" lots 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41; which application was granted by the ordinary. On December 29, 1921, Faison, "as the head of a family under and by virtue of a pony homestead," interposed a claim to the property levied upon, setting up therein the original homestead setting apart lot number 50, and averring that all the remaining lots were "accretions arising under said homestead and purchased with money made from the cultivation of said lot 50 and affiant's earnings while laboring thereunder." On the trial the claimant testified that he earned the money with which he paid for the last purchased lots "while working on the

Costs, 15 C. J. p. 185, n. 1; p. 186, n. 6 New.
Homesteads, 29 C. J. p. 840, n. 64, 70 New.
New Trial, 29 Cyc. p. 773, n. 3 New.

homestead" or "while working under this homestead." This was the extent of the testimony on this subject, which was not contradicted. Testimony in behalf of the plaintiff in fi. fa., to the effect that she had no actual knowledge of any claim of homestead at the time she loaned the money, was undisputed; and the testimony of her attorney, that Faison told him at the time the loan was procured "that this property was his, and there was absolutely nothing else against it," except some mortgages, which were to be paid with the proceeds of the loan, was likewise uncontradicted. The homestead of February 16, 1912, was duly recorded in the office of the ordinary. The judge directed a verdict finding lot number 50 not subject, and the remaining lots subject to the fi. fa. The claimant moved for a new trial on the usual general grounds, and added two grounds by amendment. In the first of these the movant assigns error on the direction of the verdict finding lots 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 subject to the fi. fa., on the ground that the action of the court in so directing a verdict is "contrary to the evidence . . and is contrary to law." In the second ground complaint is made because the judge, after having entered a judgment for costs in favor of the claimant, on motion of plaintiff in fi. fa., passed an order and judgment that the costs be "apportioned equally between the claimant and the plaintiff in execution," and rendered judgment "against each for his or her proportionate part of the same." This judgment is assigned as error, upon the ground that such action by the judge, after the end of the term at which the case was tried, and not during any term of said court, was and is contrary to law. The motion for a new trial was overruled on September 25, 1926. The movant, plaintiff in error, "assigns said ruling and judgment as error, as being contrary to law, and to the evidence, . . and says that the judge should have granted claimant a new trial upon each and all of the grounds set forth in the original and amended motion." There is no exception or argument upon the ground that there were issues of fact which should have been submitted to the jury. *Held:*

1. Even if the description thereof in the schedule of homestead was ample, the record of the homestead of lot number 50 would not constitute constructive notice that the remaining lots in controversy were exempt as the proceeds of homestead property; and therefore, even had the grantee in the security deed examined the homestead record, she could not have ascertained therefrom that the lots numbers 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 were homestead property, as now contended.

2. "Though land bought with the proceeds of a homestead is homestead property, and ordinarily stands, as to exemptions from sale, on the same footing as the original homestead, this is not true as against the rights of one who bona fide and for value acquires a lien on such land, without knowledge, either actual or constructive, of its homestead character." *Walden* v. *Brantley*, 116 *Ga.* 298 (42 S. E. 503); *Roberts* v. *Robinson*, 63 *Ga.* 666; *Weaver* v. *Saffold*, 101 *Ga.* 150 (28 S. E. 118); *Willingham* v. *Slade*, 112 *Ga.* 418 (2) (37 S. E. 737); *Ford* v. *Fargason*, 120 *Ga.* 606 (48 S. E. 180); *Reed* v. *Holbrook*, 123 *Ga.* 781 (51 S. E. 720). See *Roberts* v. *DeVane*, 129 *Ga.* 604 (5), 610 (59 S. E. 289).

3. If, under the evidence appearing in the record, lots numbers 31, 32, 33.

34, 35, 36, 37, 38, 39, 40, and 41 could be regarded as property purchased with the proceeds of a homestead, or income therefrom, which is by no means clear, the evidence demanded a finding that the grantee in the security deed advanced the money bona fide and without notice of the alleged character of such lots as accretions to the homestead. Lot number 50 was found not subject to the execution.

4. A ruling or order of the court entered after the rendition of the verdict, which could not have influenced or affected the verdict returned, does not afford proper ground upon which to base a motion for a new trial. Objections which do not extend to the verdict can not properly be made ground of a motion for a new trial. *Barber* v. *Barber*, 157 *Ga.* 188 (121 S. E. 317), and cit. The ground of the motion complaining of the order of the judge which apportioned the costs in the case therefore presented no objection which required the grant of a new trial. A motion to retax costs is the proper remedy to correct such alleged error. *McDonald* v. *Dabney*, 161 *Ga.* 711 (13) (132 S. E. 547).

5. Under the foregoing rulings the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 5690. SEPTEMBER 13, 1927.

Claim. Before Judge Strange. Bulloch superior court. September 25, 1926.

*F. B. Hunter,* for plaintiff in error. *F. T. Lanier,* contra.