Allen *vs.* Solomon *et al.*

---

ELIPHALET A. ALLEN, plaintiff in error, *vs.* WILLIAM SOLOMON *et al.*, defendants in error.

[TRIPPE, Judge, was providentially prevented from presiding in this case.]

1. A father, after the death of his wife, was appointed, on his own application, trustee, to hold certain real estate in trust for his children. He ac-

cepted the trust, and continued to act as such trustee for several years, when he filed a bill setting up that this property was in fact his; that under a marriage settlement between him and his wife, her estate had been settled in trust for her maintenance during her life, and at her death to her heirs to be pointed out by her will; that she made no will, and that he was, under the law, her sole heir. The bill charged that the property now in controversy, was property bought with such separate estate, and that the trustee, in taking the deed, by mistake, took the deed for the use of the wife for life, and at her death to her children:

*Held*, it was not error in the judge, on the trial, to refuse to charge that if the plaintiff accepted the trust in *ignorance* of his legal rights, he was not estopped from now setting them up, and on the contrary charging, that if he knew the terms of the deed to the trustee, and himself accepted the trust, knowing that the deed was to the children after the wife's death, he would be estopped.

2. Under the facts as they appear of record, there was no error in the refusal of the judge to grant a new trial.

Trustees.    Estoppel.    Mistake.    Equity.    Before Judge Hopkins.    Fulton Superior Court. March Term, 1874.

Though the bill charged that the draftsmen of the deed made a mistake in drawing the deed, yet the evidence showed that the deed was drawn under the direction of the wife and husband.

The remaining facts are stated in the above head-note.

McConnell & Heyward, for plaintiff in error.

Hillyer & Brother, for defendants.

McCay, Judge.

1. There was no dispute that the plaintiff in error knew all the facts as to what the deed and the marriage settlement contained, and that he knew this at the time he applied to be, and was, appointed trustee of his children as to this very property. Nor does the evidence show any mistake in the draftsman of the deed to this property. He drew it, as he says, as he was directed by the parties. The wife, with the consent of the husband, would have had the right to have

this new deed drawn exactly as it was. It does not at all follow, that by the words of the original settlement, she could *only* dispose of the property by will. It may be that the intent was to give her *power* to make a will. But the conclusive reply to the plaintiff's case, is that he has solemnly accepted an appointment of trustee of this very property by the judgment of a court of competent jurisdiction, and he is therefore estopped from denying that the property is the property of his children. It is a settled rule that a trustee cannot set up title adverse to his trust, and a contrary rule would be dangerous. A trustee has the custody of the papers. He has an opportunity to find out defects in the title, and it is not harshness to say that he ought to be estopped from so doing.

In this case the plaintiff, by his own petition, applies to the chancellor, sets forth that the property belongs to his children, and asks to be appointed the trustee, and this is done. He knew the terms of the marriage settlement; he knew that the property in dispute was bought with the proceeds of the property included in the marriage settlement; he knew that the deed to the property was to the wife and children; and with all these facts before him he makes this petition, stating the case, and asks to be appointed trustee. He accepts, and acts under the trust. He now proposes to repudiate the whole, and set up that the children never had any interest. And this after the death of the wife. Is it not fair to assume that the wife would not have died without a will had she not supposed her children's rights were safe by this deed. The husband knew the terms of the deed made when the proceeds of the marriage settlement property was invested in the Atlanta property. He stood by and saw the deed made as it was. Can he now, after his wife's death, say it was not rightly made? The case on this point is in the nature of an estoppel in *pais*: See the case of *Burton vs. Black*, 32 *Georgia*, 53. Here the wife acted with the husband's knowledge, and trusting all was right, she failed to appoint as provided by the will. Taking all the case together, we are clear that here

there is an estoppel.    See, also, 45 *Georgia*, 110; Perry on Trusts, 433 ; Code, section 2339.

Judgment affirmed.