VALENTINE ZIMMER, plaintiff in error, *vs.* WILLIAM F. DANSBY, defendant in error.

If the legal title to land be in the husband and he holds the possession thereof under such title, and the title and possession so remain until a creditor, who gave credit on the faith that the property was the husband's, without any notice of the wife's equity, reduces his debt to judgment, the lien of such judgment will bind the land and will be enforced against a secret equity of the wife, resulting from the fact that her money paid for the land.

Husband and wife.  Levy and sale.  Debtor and creditor. Before Judge BUCHANAN.  Troup Superior Court.  May Term, 1875.

Reported in the opinion.

B. H. BIGHAM; T. H. WHITAKER, for plaintiff in error.

FERRELL & LONGLEY, for defendant.

JACKSON, Judge.

The defendant obtained judgment against Joseph Sanders on the 22d of May, 1866, and the execution issued thereon was levied upon a tract of land which Dansby claimed. On

the trial of this claim, plaintiff in *fi. fa.* proved possession in Sanders from 1860 up to judgment, and since, until within two or three years of the trial, and introduced a deed from Johnson to him, dated 11th of July, 1860. Claimant showed a deed to him from Sanders and wife dated 19th day of November, 1870, made by the approval of the ordinary, and proceedings before the ordinary showing that the land had been set apart as a homestead to Sanders on his application the year before; also a deed from Sanders to his wife, dated the 4th of September, 1866, and recorded that day; and proved by Sanders and wife that some money which the wife inherited in Alabama paid for the land; and further showed that this money was her separate estate by the law of Alabama. On this state of facts the court charged that if the jury believed that the land in question was paid for by the money of the wife, acquired as her separate estate in Alabama, the land was not subject, and that the deed so made by husband and wife, of the homestead, conveyed the wife's title to claimant; and declined to charge that if plaintiff credited defendant in *fi. fa.*, *bona fide*, believing this property to be defendant's, without any notice of the wife's equity or trust, then the land is subject. The jury found the land not subject; the plaintiff moved for a new trial on the above charge and refusal to charge; the court refused to grant it, and this is the error assigned.

This debt was created prior to the constitution of 1868. Therefore no right against the judgment vested in the husband and wife by the homestead. If it had vested, the sale was illegal under the ruling of this court in *Roberts and wife vs. Trammell, page* 383, and claimant acquired no title. The homestead is therefore out of the question, and makes the case no better or worse for either side. The wife, however, signed the deed; the court below held that she conveyed thereby whatever title she had, and the claimant stands in her shoes and is subrogated to her rights. Suppose that this is a correct view of the law in respect to the rights of the claimant against her, and that she would be estopped in a contest with him,

and that he acquired all her title, then the question narrows to this point, what is her title against this judgment? The judgment was rendered in May, 1866; her husband's deed to her and its record was in September, 1866; and that judgment operated as a lien on his property from its date. The legal title to this property was in him, the husband, at the date of the judgment; the deed was to him alone, and the possession was in him; there was no record of the wife's title or of any equity in her when he got the credit or when the judgment was rendered, therefore there was no constructive notice to this judgment creditor, and the record discloses no actual notice to him of this equity of the wife. It is therefore a secret equity arising from a secret trust, so far as this creditor is concerned, and the naked question made by the request to charge and the refusal to do so, is, can such a secret trust, such a concealed equity, prevail to set aside a judgment lien obtained without any notice of its existence, actual or constructive? Which is the better equity, the creditor's judgment lien, *he having credited on the conviction that this was the debtor's property*, and the debtor having used the proceeds of the credit, doubtless for the benefit of his wife and himself? Which is the better equity, the creditor's judgment lien founded on such a debt, or the wife's secret equity covered up in this secret trust? We think, that in principle, there can be but one answer. The honest creditor, who gave the credit on the strength of this property, should be preferred.

The analogies springing from our statute laws in relation to husband and wife at the time of the purchase of this land in 1860, strengthen this view of the law. At that time, the marital rights of the husband attached to the wife's property as a general rule, and all marriage settlements had to be recorded, or such settlements were void against *bona fide* purchasers or creditors. This money was brought into Georgia by the husband, no notice given that it was his wife's, the deed was taken to the husband, and he appeared as absolute owner until after the judgment, and then for the first time the wife's equity is recorded in the shape of a deed from him to

her. It is true that there is no law requiring a record of such a transaction, as in the case of marriage settlements, but the reason and spirit of the two cases is the same. As the law stood then, the husband was the master, the owner of all the ostensible property, and if the wife had any title to any part of it, derived from a marriage settlement, it had to be made known to warn creditors not to trust the husband on his apparent ownership. Why, if she had title to any part of it, otherwise derived, should not notice also be given, either by record, constructively or actually, by informing the creditor ? It is right that it should have been done in both cases. We think the principle ruled in this case now was practically decided in *Humphrey vs. Copeland,* 54 *Georgia Reports,* 543. There we held that "a judgment creditor who is protected against a mere equity in his debtor's property for want of notice before his judgment lien attaches, may, when the property is sold to satisfy the judgment, purchase and hold it disincumbered of such equity, though he, in the meantime, receive notice." That principle controls this case. Nor do we think that the cases of *Burke et al. vs. Anderson,* 40 *Georgia Reports,* 535, and *Gray vs. Perry et al.,* 51 *Ibid.,* 180, necessarily conflict with this ruling in *Humphrey vs. Copeland,* and now repeated in the present case. In *Burke vs. Anderson* the reasoning, we admit, is the other way, and would, perhaps, lead to a different conclusion from that now reached by us here ; but the facts are different, and the judgment was simply that equity would grant relief to correct a mistake against *bona fide* creditors, though it would not against a *bona fide* purchaser without notice, and this seems grounded mainly on the statute.: Code, section 3119. Then the only exception is the case of the *bona fide purchaser,* and *inclusio unius exclusio alterius* would apply; whereas, in marriage settlements, a closer analogy to this case, creditors are also expressly embraced : Code, section 1778. In the case in 51 *Georgia Reports, Gray vs. Perry,* the debt was in existence at the time the property went into possession of the hus-

band, and the creditor could not have credited on the faith of that property.

We forbear to say anything upon the question how far the law of Alabama, giving the wife a separate property in money, would be enforced in Georgia when that money was invested by the husband in lands in Georgia, as no point is made upon it.

We see no error in the ruling on the admissibility of the evidence of Mr. and Mrs. Canders. There does not seem to have been any record or better evidence of the money having been the wife's in Alabama.

We reverse the judgment because we think the court erred in holding that this property was not subject to this judgment, if the creditor credited on the faith of its being the debtor's, and had no notice of the wife's equity.

Judgment reversed.