## ROBERTS, CRANFORD & CO. *v.* DEVANE *et al.*

1. Where land is levied upon as the property of the defendant in execution, and a claim is interposed by a third party, based upon the alleged facts, that such land had been purchased by the head of a family with the proceeds of other land duly set apart to him as a homestead for the benefit of his wife and minor children, and that both the original homestead land and the land levied on had, under a proper order of the judge of the superior court, been subsequently sold, for the purpose of changing the homestead investment, by a commissioner duly appointed for the purpose of making such sale and reinvestment, and the claimant had purchased the property levied upon from such commissioner and taken his deed to the same, the homestead proceedings under

which the homestead was set apart are admissible in evidence upon the trial of the claim case, without special pleadings, in support of the claimant's alleged title to the premises in dispute, though the claimant, on the same day he purchased from the commissioner, also took a deed from the defendant in execution.

2. A ground of a motion for a new trial complaining of the admission in evidence, over stated objections of the movant, of certain documents which are neither set out literally nor in substance in the motion nor attached thereto as exhibits properly identified, but are merely referred to in the motion in general terms and "as being more particularly identified in the brief of evidence," presents no question for adjudication.

3. Allowing leading questions to be propounded to a witness by the party introducing him is not cause for a new trial.

4. Where a request for instructions to the jury is not sound in its entirety, refusal to give it is not cause for a new trial.

5. Where land was purchased with the proceeds of crops grown on homestead land, and title thereto taken in the name of the wife of the head of the family, she taking possession thereof and remaining in possession of the same, such land is subject to the judgment of the wife's creditor who, in good faith and without notice of its homestead character, extended credit to her upon the representation of her husband that the land was hers.

Submitted October 14,—Decided November 18, 1907.

Claim. Before Judge Mitchell. Brooks superior court. January 28, 1907.

In May, 1898, Roberts, Cranford & Company, in the superior court of Brooks county, obtained a judgment against Sallie Hiers, upon which execution was issued on June 9, 1898, which was on the same date entered on the general execution docket of that county. On June 2, 1904, this execution was levied upon a certain described portion of lot 412, in the 12th district of Brooks county, to which land F. and E. Devane filed a claim. Upon the trial of the claim case the plaintiffs put in evidence the execution, and the following deeds to the land in question: a deed from Mitchell J. Hiers to Sallie Hiers, dated February 1, 1879; a quitclaim deed from the executors of the will of A. J. Rountree to Sallie Hiers, dated January 7, 1901; a warranty deed from Sallie Hiers to Ellis and Frank Devane, the claimants, dated January 21, 1904. None of these deeds had ever been recorded. The claimants introduced the following evidence: Proceedings before the ordinary of Brooks county, in 1874, setting apart the west half of lot 411, in the 12th district of that county, and certain personalty, as a homestead and exemption for the benefit of the family

of Jacob Hiers, consisting of his wife, Sallie Hiers, and one minor child. A copy of a petition of J. H. Hiers and Sallie Hiers to the superior court of Colquit county, filed January 11, 1904, the substance of which was: that petitioners had the west half of lot 411 set apart as a homestead in 1874; that since then ten children, naming them, had been born to petitioners, five of whom had arrived at majority, the others being still minors, and that petitioners, since the setting apart of the homestead, had purchased with proceeds therefrom a described portion of lot 412 in the 12th district of Brooks county (which appears to be the land involved in this case). At the time of filing the petition the petitioners were residents of Colquitt county. The described portion of lot 412 was deteriorating in value, and it would be beneficial to the petitioners and the beneficiaries of the homestead that this land be sold and the proceeds of the sale reinvested in other lands, in the county of Colquitt, for the same uses. Copies of the following documents were also put in evidence by claimants: order of the judge of the Southern circuit, appointing a guardian ad litem for the minor beneficiaries of the homestead; the acceptance of such appointment by the person appointed guardian, and his recommendation that the sale and reinvestment be made as prayed for; order appointing a commissioner to sell the homestead land, to reinvest the proceeds as prayed for, and to make a report of his acts and doings to the court; a deed from such commissioner to Ellis and Frank Devane, conveying the original homestead land and the portion of lot 412 described in the petition as being the land purchased with proceeds of the homestead estate, dated January 21, 1904.

The substance of the testimony of J. H. Hiers, a witness for claimants, was as follows: His father was in possession of the land levied on when the witness was born, and witness was in possession of it two or three years before 1874. He is the husband of Sallie Hiers, the defendant in execution. His wife went into possession of the land levied on about 1879, and remained in possession until 1903, when claimants went into possession, and they have been in possession ever since. This land was purchased in 1879 with the proceeds of crops that had been made on the property which had been previously set apart as a homestead for the benefit of witness's family by the ordinary of Brooks county.

Twelve or fifteen acres of the land were cleared and a house built upon it while his wife was in possession of it, and she paid for such improvements. Sallie Hiers never paid anything to the executors of the will of Rountree for the quitclaim deed made by them to her. The witness further testified: "I acted as agent of my wife, the defendant in fi. fa., signed the notes, signing as her agent, in the purchase of the goods from Roberts, Cranford & Company, plaintiffs in fi. fa. When I purchased these goods as the agent of my wife, I did not represent to Mr. Roberts, of the firm of Roberts, Cranford & Co., that my wife, Sallie Hiers, owned and held title to the land now levied on, and to which claim is now filed by Frank and Ellis Devane. . . My wife did not own any other land . . except this land now levied on, . . at the time of the purchase of the goods by me as my wife's agent from Roberts, Cranford & Co., the purchase-price of which goods is represented by the fi. fa. now in question." John T. Roberts testified, in behalf of plaintiffs: "I am a member of the firm of Roberts, Cranford & Co. I never had any notice that the property now levied on was homestead property, or bought with homestead or the proceeds of homestead from any crops from any homestead. I had the statement of J. H. Hiers that Mrs. Sallie Hiers, defendant in fi. fa., owned a half lot of land in Brooks county, and that he and she lived on it; and on this representation I sold to Mr. Hiers, as agent of Mrs. Sallie Hiers, a horse and buggy, and he signed the note in her name. I did not ask Mr. Hiers anything about homestead property."

There was a verdict finding the property not subject. The plaintiffs moved for a new trial, which motion being overruled, they excepted.

M. Baum, for plaintiffs.

S. M. Turner and Stanley S. Bennet, contra.

Fish, C. J. (After stating the facts.)

1. One ground of the motion for a new trial was, that the court erred in admitting, over the objections of the plaintiffs, the proceedings setting apart a portion of lot 411 as a homestead for the benefit of the family of J. H. Hiers, the objections urged being, that this evidence was irrelevant, as the land levied on was not referred to in such proceedings, and there was no pleading to authorize the introduction of the evidence, and that it was an effort

to set up title adverse to that under which claimants held, as plaintiffs had shown that claimants held under a deed from defendant in fi. fa. to them. These objections were not well taken. The theory of the claimants was, that the land levied on was purchased with proceeds from the homestead property, and was therefore as much exempt from levy and sale under the plaintiffs' execution as if it had been originally set apart as homestead property. The homestead proceedings were, therefore, relevant. No special pleadings were necessary to authorize their introduction in evidence, and their introduction did not indicate an effort on the part of claimants to set up a title adverse to that under which they held. They relied upon the deed made to them by the commissioner appointed by the court to sell the property levied on as homestead property and reinvest the proceeds in other property for the use of the beneficiaries of the homestead. The fact that the claimants took a deed on the same day from the defendant in execution would not necessarily affect whatever title they obtained under the commissioner's sale and deed.

2. Complaint was made in the motion for a new trial, that the court erred in admitting in evidence, over stated objections of the plaintiffs, certain documents which were referred to in the motion in general terms, and "as being more particularly identified in the brief of evidence." Under repeated rulings of this court, such an assignment of error presents no question for decision, as the evidence objected to, or at least the substance of it, should have been set out in the motion itself or attached thereto as an exhibit, properly identified.

3. Nor was there any merit in the ground that the court erred in allowing leading questions to be propounded to claimants' witnesses. *Beaudrot* v. *State,* 126 *Ga.* 579.

4. Error was assigned on the refusal of the court to give in charge a very lengthy written request for instructions, which seems to have been intended as a complete charge of legal principles applicable to the various contentions of the parties. The exception was to the refusal of the court to give the entire request. If any portion of such request should not, for any reason, have been given, then the exception was not meritorious. A part of this request was as follows: "The plaintiffs contend also that the claimants recognized the title of the defendant to the land in dispute by

accepting a deed from her, and that they are estopped to deny her title thereto. Look to the evidence in this case, then, and ascertain if the claimants accepted a deed from the defendant in fi. fa. If you should so find, then I charge you gentlemen, that the claimants are estopped from denying the title of the defendant to this land, and you should find said land subject to plaintiffs' fi. fa." This request did not state a proper application of the doctrine of estoppel. The mere fact that the claimants, on the same day that they purchased the land from the commissioner and took a deed from him thereto, also took a deed to the land from the defendant in execution, certainly would not estop them from relying for title on the commissioner's deed, and force them to admit that the true title was in the defendant in execution, and the land, therefore, subject to the fi. fa.

5. The court charged the jury, in substance, that if the land levied on was purchased with the proceeds of homestead property, and it was regularly sold under an order properly granted for the sale of the same for the purpose of reinvestment, and if claimants purchased under such sale, then the land should be found not subject to the execution. In view of the issues raised by the evidence on the trial of the case, this charge was error. Roberts, one of the plaintiffs, testified that J. H. Hiers, who it appears was the head of the family who had a homestead set apart for the benefit of his wife and children, informed him, before credit was extended by his firm to Mrs. Sallie Hiers, wife of J. H. Hiers and defendant in execution, that she owned the land levied on, and that it was upon this representation of J. H. Hiers that a horse and buggy were sold by plaintiffs to Mrs. Heirs and her note taken for the purchase-money of the same by them, J. H. Hiers signing her name to the note, as her agent. He further testified that he never knew that the property levied on was homestead property, or purchased with the proceeds of crops that were homestead property. It appeared that the execution levied upon the land was issued upon a judgment against Mrs. Hiers obtained upon this note. It appeared from the testimony of J. H. Hiers that his wife was in possession of the land at the time the horse and buggy were sold to her and the note given, and he testified that he represented her in making the purchase of the same and giving the note, though he denied telling Roberts that she owned the land. It further ap-

peared that the legal title to the land was in Mrs. Hiers at the time the note was given and when plaintiffs' judgment was rendered against her. In *Zimmer* v. *Dansby, 56 Ga.* 79, it was held, that "if the legal title to land be in the husband and he holds the possession thereof under such title, and the title and possession so remain until a creditor, who gave credit on the faith that the property was the husband's, without notice of the wife's equity, reduces his debt to judgment, the lien of such judgment will bind the land, and will be enforced against a secret equity of the wife, resulting from the fact that her money paid for the land." In *Reid* v. *Holbrook, 123 Ga.* 781, it was held: "Where personalty duly exempted was used in connection with the labor of the applicant and his family in making crops on land purchased by him subsequently. to the exemption, title to which was taken in his own name, and the proceeds of the sale of the crops were applied to the payment of the purchase-money of the land, such land was subject to a debt afterwards contracted by the applicant for provisions for himself and family, the creditor having no notice as to how the land had been paid for, and having extended credit knowing that the legal title to the land was in the applicant, and upon the belief, in good faith, that he had an absolute and unincumbered title to the same. The record of the exemption was not of itself sufficient to put the creditor on notice of the homestead character of the land." Under these authorities, if the legal title to the land was in Mrs. Sallie Hiers, the defendant in execution, and she was in possession of the same when the debt was contracted and when the judgment was recovered thereon, and her husband, who had previously had other land exempted as a homestead for her benefit and the benefit of their children, represented to one of the plaintiffs that the land levied on was the property of his wife, and the plaintiffs, believing such representation and upon the faith of it, extended credit to the wife, the plaintiffs having no notice or knowledge that the land had been purchased with the proceeds of crops grown on the homestead land, then the land levied on would be subject to the execution, notwithstanding the fact that it was paid for with proceeds of the homestead, and had been regularly sold as homestead property for the purpose of reinvestment, under an order of court, procured after the rendition of the judgment, and claimants had purchased at

such sale. The court should have so charged the jury, and left it to them to determine, under the conflicting evidence, whether this was the true theory of the case or not.

*Judgment reversed. All the Justices concur.*