HIGDON *v.* WILLIAMSON *et al.*

EVANS, P. J.  1. The court's refusal to strike a plea as being insufficient in law is reviewable by direct exception, and can not be made a ground of a motion for a new trial. *Brandon* v. *Akers*, 134 *Ga.* 78 (67 S. E. 540).

2. Where a payee of a note sues the maker, and the defendant in his plea admits the execution of the note and that the plaintiff is the legal holder, and sets up a defense to the same, the burden is upon the defendant to establish his defense, and he is entitled to open and conclude. *Martin* v. *Hale*, 136 *Ga.* 228 (71 S. E. 133). This rule is not changed in a case where the defendant in his plea, admitting the execution of the note, avers that certain words relating to a mortgage have been interpolated therein, where such alteration is not material to the defense set up, and is not pleaded as a defense, but the averment is made merely as a part of the history attending the execution of the note.

3. The most of the questions objected to as leading were not open to that criticism. The court in his discretion may allow a leading question to be propounded to a witness; and unless that discretion is abused, the allowance of a leading question is not ground for new trial. *Roberts* v. *DeVane*, 129 *Ga.* 604 (59 S. E. 289).

4. A general exception that the court's charge as a whole is inapt and incorrectly presents the law, with no specific error pointed out, is not ground for new trial where the charge contains any pertinent and correct principle of law.

5. The evidence authorized the verdict, and the court did not abuse his discretion in refusing a new trial.

> *Judgment affirmed. All the Justices concur.*
> JUNE 17, 1913.

Complaint. Before Judge Morris. Fannin superior court. June 1, 1912.

*A. S. J. Hall, G. F. Gober,* and *C. H. Griffin,* for plaintiff.

*J. Z. Foster, William Butt,* and *T. A. Brown,* for defendants.