## FIRST NATIONAL BANK OF CARROLLTON *v.* WILLIAMS.

The trial court did not err in finding the property subject.

No. 6099. FEBRUARY 28, 1928.

Claim. Before Leon Hood, judge pro hac vice. Carroll superior court. May 30, 1927.

An execution issued upon a judgment in favor of Williams was levied upon a house and lot, and the First National Bank of Carrollton filed a claim. By agreement of both parties the case was submitted to the presiding judge, without the intervention of a jury, on the following statement of facts (in brief) : The plaintiff obtained judgment at the April term, 1926, of Carroll superior court, which was recorded on the execution docket, April 27, 1926. On November 24, 1926, the same was levied on the realty in dispute, as the property of the defendant in fi. fa. J. A. Entrekin, the tenant in possession, held under a rent contract from the Carrollton Bank, for the year 1926. The Carrollton Bank paid 1925 and 1926 taxes, and paid street assessment for paving in 1926. On June 7, 1922, J. M. Burns executed to the Carrollton Bank a deed to the property in controversy, to secure all his present and future indebtedness to said bank, whether as partner, maker, or indorser. On the same date J. M. Burns & Co., by J. M. Burns, executed several notes to the Carrollton Bank. On the same date J. M. Burns and the Burns-Nalley Auto Company executed certain notes aggregating approximately $20,000. On March 3, 1923, the Carrollton Bank executed to the First National Bank of Carrollton a promissory note for $337,982.08, and deposited and pledged with the First National Bank, as collateral for securing its payment the Burns notes among others, as per attached schedule. The First National Bank assumed and contracted to save harmless the Carrollton Bank of all the liabilities of said bank, according to its books at the close of business on March 3, 1923. The agreement between the Carrollton Bank and the First National Bank was not recorded. The Carrollton Bank sued on the Burns notes, and obtained judgment at the October term, 1925, of the superior court. Execution issued thereon, and the Carrollton Bank reconveyed the property to J. M. Burns for the purpose of levy and sale. The sheriff of Carroll County levied upon the property in controversy and advertised it to be sold

Executions, 23 C. J. p. 348, n. 94.

on the first Tuesday in December, 1925, and it was bought in by the Carrollton Bank, and a sheriff's deed was executed, conveying the property to the Carrollton Bank, and was recorded on December 17, 1925. On January 13, 1927, the directors of the Carrollton Bank passed a resolution reciting that there was a balance of $128,283.68 due the First National Bank, on notes executed under agreement, and that the assets of the Carrollton Bank were insufficient to pay the same; and a motion was carried that the entire assets of the Carrollton Bank be turned over to the First National Bank in settlement of said note, and that all necessary deeds and other conveyances to effect said settlement be executed. In pursuance thereto the Carrollton Bank executed a deed to the claimant to property in controversy, January 17, 1927.

The judge rendered judgment finding the property subject to the execution, and the claimant excepted.

*Boykin & Boykin,* for plaintiff in error.

*J. J. Reese* and *Eimmelt Smith,* contra.

HINES, J. (After stating the foregoing facts.) The trial judge did not err in finding the property levied upon subject to the execution. When the Carrollton Bank deposited and pledged to the First National Bank of Carrollton the notes of J. M. Burns and J. M. Burns & Company, which were secured by the deed of Burns to the premises in dispute, such pledge and transfer conveyed to the transferee the benefit of the security. Civil Code, § 4276. The transfer of the notes did not pass to the First National Bank the legal title to the premises in dispute. *Sheppard* v. *Reese,* 114 *Ga.* 411 (40 S. E. 282). By such transfer the claimant acquired only an equitable interest in the security furnished by the deed. *Clark* v. *Havard,* 122 *Ga.* 273 (50 S. E. 108); *Carter* v. *Johnson,* 156 *Ga.* 207 (119 S. E. 22); *Gholston* v. *Northeastern Banking Co.,* 158 *Ga.* 291 (123 S. E. 111, 35 A. L. R. 23); *Cross* v. *Citizens Bank &c. Co.,* 160 *Ga.* 647 (8) (128 S. E. 898). So clearly the First National Bank of Carrollton did not acquire the legal title to the house and lot involved in this case; but acquired only an equitable interest therein.

When the Burns notes, deposited and pledged to the First National Bank, afterwards turned up in the hands of the Carrollton Bank, and were sued on to judgment in the name of the latter bank, the fair presumption is that the pledgee had surrendered

these notes to the pledgor. When the Carrollton Bank obtained judgment on these notes in its own name, reconveyed the property embraced in the security deed to Burns for the purpose of levy and sale, had the same levied upon and sold, and bought the property and took a deed thereto in its own name, the reasonable conclusion is that the First National Bank had no longer any interest in these notes, but that they belonged to the Carrollton Bank. Although the First National Bank originally had an equitable interest in this land, yet when it was sold by the Carrollton Bank under its execution at sheriff's sale and was bought in by the Carrollton Bank, which took title to itself, the conclusion is still stronger that the First National Bank had no further interest in these notes or the judgment obtained thereon, and that the Carrollton Bank acquired title to the premises in dispute in its own right. As the claimant did not have legal title to the property levied on, and as its claim of title rested upon an equitable interest in this land, it was incumbent upon the claimant to show, by the facts agreed upon, that its equitable interest in this land was still in existence at the time it filed its claim thereto. As the equitable interest of the claimant in the premises was only shown to have existed at a time in the past, and other agreed facts tended to show that this equitable interest of the claimant did not exist at the time its claim was filed, the trial judge properly held the land subject to the execution of the plaintiff. It was incumbent upon the claimant, in order to make out its case, to show that the facts upon which its equitable interest in the premises rested still existed, and to rebut the facts tending to show title to the property in the defendant in execution. For another reason the judgment finding the property subject should be affirmed. The Carrollton Bank held this property under a deed from Burns, given to secure the notes which the Carrollton Bank transferred to the First National Bank of Carrollton, and by which transfer, as we have seen, the First National Bank of Carrollton obtained the benefit of the security furnished by the deed from Burns to the Carrollton Bank. In other words, the Carrollton Bank, by the transfer of the notes, transferred to the First National Bank of Carrollton the security furnished by the deed to it from Burns given to secure these notes. If the Carrollton Bank had by deed conveyed this property to the First National Bank of Carrollton

to secure these notes, such deed would have to be recorded, to take priority over a subsequent judgment properly recorded; and if not recorded, such deed would remain valid against the maker, but would be postponed to all liens created or obtained, or purchases made prior to the actual record of the deed. Civil Code, § 3307. We have recently held that failure to record a security deed postpones it to a subsequent judgment obtained and recorded prior to the recordation of such deed. *Saunders* v. *Citizens First National Bank,* 165 *Ga.* 558 (142 S. E. 127). Certainly the informal transfer of a security deed, resulting alone from the transfer of notes thereby secured, does not stand on any higher plane than if the holder of the security deed had conveyed the property therein embraced to the person to whom such notes were transferred. If the First National Bank of Carrollton wished to protect its lien under the security deed, it should have taken from the Carrollton Bank a deed to this property to secure the notes transferred, and should have had such deed recorded, in order to defeat the subsequent judgment which was obtained against the bank, and which was duly recorded.

If the judgment creditor had extended credit upon the faith of the apparent legal title of the Carrollton Bank, and without notice of the secret equity of the First National Bank of Carrollton, then the lien of the judgment would prevail over the secret equity of the claimant. *Zimmer* v. *Dansby,* 56 *Ga.* 79. The agreed statement of facts does not show that this state of facts existed. But, for the two reasons first stated above, the judgment of the trial judge should be affirmed.

*Judgment affirmed. All the Justices concur.*