SKIPPER *et al. v.* ALEXANDER *et al.*

No. 7817. FEBRUARY 17, 1931.

*Raymond W. Martin,* for plaintiffs.

*L. B. Wyatt, Henry Reeves, Robert L. Cowart,* and *Lovejoy & Mayer,* for defendants.

BECK, P. J. Bud Skipper and Tom Harris and other members of Dunson Lodge No. 330, Independent Order of Odd Fellows, filed a suit in the superior court of Troup County against J. H. Alexander and others as trustees, and also against other named defendants. All of the defendants except Alexander, Cole, and Parrish, as trustees, filed answers. The jury returned a verdict in favor of the defendants who had filed answers, and a decree in accordance therewith was duly entered. The plaintiffs filed a motion for a new trial, which was overruled, and they excepted.

1. The evidence required a finding that the deed executed by the trustees to Alexander, in so far as any interest of Alexander was concerned, was void and should be canceled.

2. The court did not err in excluding the answer of Bud Skipper, a witness for the plaintiffs, to the question, "Did the Lodge have an auditor appointed to check up the funds, and did they find out Alexander was short?" If an auditor was appointed, as the question implied, and made a report, that report was necessarily in writing, and the written report was the highest and best evidence.

3. In view of the testimony of Bud Skipper, one of the parties plaintiff, as to his conversations and dealings with Alexander, the court did not err in refusing to allow him to answer the question, "Did you accept the building from Alexander?" The testimony which he was actually allowed to give showed that he did not formally accept the building. As to whether by his acts he accepted it, that was a question for the jury.

4. In ground 3 of the motion for new trial error is assigned upon the admission in evidence of a certain part of the testimony of the witness Skipper, over the objection of plaintiffs' attorney; but the ground of the objection made is not stated, and no question is raised for decision by this court.

5. The court did not err in allowing a certified copy of a resolution, purporting to have been passed at the regular meeting of a named lodge, to be introduced in evidence "for the purpose of showing that the same was recorded," over the objection that the resolution "was without authority and no authority was shown whereby said resolution was binding on plaintiffs, in that same was signed out of the lodge hall and not at a duly constituted meeting of the lodge, and was executed without the knowledge or consent of the lodge." This ground of the motion for new trial does not show where this resolution was recorded. If as a matter of fact it was recorded on the minutes of the lodge, it was admissible for the purpose of showing notice to the members of the lodge of the deed made to Alexander.

6. Certain of the grounds of the motion assign error upon the introduction of certain documentary evidence, but these documents are not set forth literally or in substance in the several, grounds of the motion, nor are they attached thereto as exhibits, but "are incorporated in the documentary evidence and marked 'Exhibits.'" The court will not pass upon the assignment of error based on the admission of documentary evidence unless the same is set forth in the ground of the motion for new trial literally or in substance, or attached as an exhibit to the motion; it is not sufficient that such documents are incorporated in the evidence introduced in the case.

7. In another ground of the motion error is assigned upon the ruling of the court excluding the evidence of one Alexander, a party defendant. The evidence referred to relates to various matters. Much of it was clearly inadmissible. If certain parts of it were inadmissible, they should have been objected to specially; for where a lengthy extract from the testimony of a witness is set forth in the ground of a motion for new trial and it is claimed by movant that the evidence was admissible, and it appears that a part of it was inadmissible, the ruling of the court excluding the testimony as a whole will not be reversed.

8. There is no merit in the exception to the ruling of the court by which the witness Alexander was denied permission to testify that "the officers were not duly elected officers." Whether the officers were duly elected or not was a question for the jury under proper instructions from the court. Other rulings of the court excluding

testimony of the same witness do not appear to be material error.

9. The questions submitted by the court to be answered by the jury were proper and appropriate to elicit from the jury the answers determining certain material questions of fact in the case.

10. The exceptions to the charges of the court set forth in the 13th, 15th, and 16th grounds of the motion for new trial are merely general exceptions, stating the "court erred in giving the following charge to the jury." "A bare complaint that 'the court erred' in giving a particular instruction brings nothing into question except the soundness, in the abstract, of the proposition or propositions therein announced. If the instruction is abstractly correct, the question of its inapplicability to the case in hand must be distinctly made by clearly pointing out how or why it was inappropriate." *Central Ry. Co.* v. *Bond,* 111 *Ga.* 13 (8) (36 S. E. 299). And the propositions of law submitted by the court in these two parts of the charge last referred to are not in themselves incorrect or unsound as mere abstract propositions of law.

11. In another ground of the motion error is assigned upon a part of the court's charge which is in this language: "Then move in and take possession and then say they can not enforce the liens against the property." Obviously an exception to this part of the charge in general language raises no question for decision here, because in itself it contains no distinct proposition of law, and it does not appear in what connection this language was used.

12. In the 17th ground of the motion complaint is made that the court erred "in refusing to charge to the jury the law covering partnerships, since it was admitted in open court that the Dunson Lodge No. 330 I. O. O. F. was an unincorporated society, and the law of partnerships covers this case as to the property in dispute." This ground is without merit, since it does not point out what principles of the law of partnership should have been charged, for it merely alleges a failure of the court to charge the law covering partnerships.

13. If the movants in this case desired more particular instructions upon the law of partnership, and upon the law of notice, and the duties of trustees or persons acting in a fiduciary capacity, and the rights of trustees to dispose of property belonging to a group of persons, etc., a charge upon those subjects should have been requested in writing, inasmuch as the charge as actually given covered the material issues in the case.

14. The judgment of the trial court refusing a new trial will not be disturbed here, inasmuch as there was sufficient evidence to authorize the findings of the jury, and no material error in rulings upon evidence or in the charges of the court is shown.

*Judgment affirmed. All the Justices concur.*