## WRIGHT v. THOMPSON.

No. 13193. APRIL 11, 1940.

176

*Hinton Booth,* for plaintiff in error.

*Remer Proctor* and *R. Lee Moore,* contra.

DUCKWORTH, Justice. ■ Complaint was made in the motion for a new trial that the court erred in admitting in evidence, over claimant's objection that they were irrelevant and immaterial, the records of certain of the cases referred to above in the statement of facts. Each ground of the motion, after giving the title of the case referred to, stated that the documents comprising the record in the case "are not recopied here, for the reason that they are fully set out in the brief of evidence," gave the plaintiff's exhibit number of the evidence objected to, and recited that the plaintiff's exhibit was made a part of the motion by reference. No attempt was

made to give the substance of the evidence objected to. "A ground of a motion for a new trial, assigning error upon the admission of documentary evidence, will not be considered unless the evidence objected to be set forth, either literally or in substance, in the motion itself, or attached thereto as an exhibit. A mere reference in the motion to another part of the record where the evidence may be found will not suffice." *Cordele Sash, Door & Lumber Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (58 S. E. 860); *Roberts* v. *De-Vane,* 129 *Ga.* 604 (2) (59 S. E. 289); *Ford* v. *Blackshear Manufacturing Co.,* 140 *Ga.* 670 (2) (79 S. E. 576); *Perry* v. *Monroe,* 150 *Ga.* 26 (2) (102 S. E. 356); *Rainey* v. *Whatley,* 169 *Ga.* 172 (150 S. E. 95); *Brannan* v. *Mobley,* 169 *Ga.* 243 (5) (150 S. E. 76); *Skipper* v. *Alexander,* 172 *Ga.* 246 (6) (158 S. E. 32). It follows that these grounds are too incomplete to present any question for adjudication.

The only question presented by the record is whether there was evidence to support the verdict. The defendant in error contends that the verdict was authorized on the theory that the claimant was estopped from asserting title under the deed which he produced upon the trial. The claimant relied upon a deed from Mrs. Cora Hendrix, an aunt with whom he had lived for a number of years. The deed was dated November 26, 1928, and recited a consideration of $585. Assuming that the evidence was sufficient to demand a finding that the deed was delivered on the date on which it was executed, and was otherwise valid, did the evidence show sufficient facts to authorize a finding that the claimant was estopped from claiming title under this deed? His aunt died five days after she had executed and delivered the deed. The jury were authorized to find that the claimant had the deed in his possession at the time of his aunt's death and for some time thereafter, but that he stood by and allowed his uncle to take possession of the land, first, as the sole heir of Mrs. Hendrix, and later as her administrator. The uncle borrowed money to pay his individual debts, and, acting as sole heir of the intestate, secured the loan by a deed to the land. About two years thereafter the uncle executed a deed to the land to the claimant, the deed reciting that the grantee assumed the loan and some debts of the estate of Mrs. Hendrix. The claimant testified that he turned over to his uncle the deed under which he now claims, after he had kept it for a good while; and it is a fair

inference from his testimony that he did not discover its loss until the death of his uncle in February, 1931. The estate of Mrs. Cora Hendrix not having been fully administered at the time of the uncle's death, the claimant was soon thereafter appointed administrator de bonis non of her estate, which appears to have consisted entirely of the land now in controversy. It also appears from the records of several cases in which the claimant was involved either personally or as administrator that he claimed the land as being a part of the estate of which he was administrator. While acting as such administrator he asserted that the note for $585, which he says was the consideration for his deed, had never been paid and was a debt of the estate. He obtained an agreement from the attorneys who obtained the judgment upon which the· levy in the instant case is based, that this note should share in the proceeds from the sale of the land. Having found the lost deed among papers of his uncle, he filed a claim to the land.

"Trustees and other representatives with custody of papers have ample opportunities to discover defects in the title of property in their care, and are estopped from setting up title adverse to their trust." Code, § 38-117. See *Scott* v. *Haddock*, 11 *Ga.* 258; *Benjamin* v. *Gill*, 45 *Ga.* 110; *Hardeman* v. *Ellis*, 162 *Ga.* 664 (4) (135 S. E. 195); *Gammage* v. *Perry*, 29 *Ga. App.* 427 (116 S. E. 126). The claimant contends, however, that this rule should not be applied in this case, because he did not know at the time he was appointed administrator that he had title to the land. He testified that he believed that when he lost his deed his title had been killed, and stated that he had been so advised by the attorney who drew and witnessed the deed and who had died before the trial. Under his testimony, he acted with full knowledge of the facts, but under a mistake of law as to his legal rights. This testimony was not sufficient to demand a finding that he was not estopp^d. In fact, to have so found would have been contrary to the obvious purpose of the above-quoted Code section, which is to prevent one who has assumed a position of trust from thereafter asserting title to the property in his care, the knowledge of which asserted title he may have learned by reason of his position of trust. We have assumed that the evidence was sufficient to demand a finding of delivery of the deed involved in the instant case; but if we hold the claimant is not here estopped, will it not open the gate for any

trustee or administrator to use knowledge obtained by reason of his position to assert title adverse to his trust? In the instant case every act of the claimant before the finding of the deed was inconsistent with the existence of the deed, even during the time before the deed was lost. If the deed had never been delivered and was therefore void, might not the testimony have been the same? Application of the Code section prevents any such uncertainty. We think it better that some innocent person should suffer by reason of his negligence or ignorance of the law than that the gates be opened for such possible fraud. In *Allen* v. *Solomon, 54 Ga.* 483, where a father, after the death of his wife, was appointed, on his application, trustee to hold certain real estate in trust for his children, and accepted the trust, and continued to act as such trustee for several years, when he filed a bill setting up that the property was in fact his, this court held that the trial court did not err in refusing to charge the jury that if the plaintiff accepted the trust in ignorance of his legal rights, he was not estopped from setting them up. It was pointed out that he knew the terms of both the trust instrument and the instrument under which he claimed title at the time he accepted the trust; and it was held that his ignorance of his legal rights did not prevent him from being estopped. The asserted ignorance of the claimant in the instant case as to his legal rights was likewise insufficient to prevent an estoppel.

It is also contended that the claimant obtained title to the land by adverse possession of the land for seven years under color of title. There is no merit in this contention. Clearly the jury were authorized to find from the evidence that the claimant had been holding possession of the land as administrator, and not as an individual. It is true that he was claiming it as his when the levy was made, but his sworn pleadings in other cases were sufficient to rebut any inference that such possession had been for the requisite seven-year period. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*