24866. WILLIS et al. v. BOZEMAN.

ARGUED OCTOBER 14, 1968—DECIDED NOVEMBER 7, 1968.

*John R. Rogers,* for appellants.

*Earl Staples, W. H. Stanford, Jr.,* for appellee.

NICHOLS, Justice. ■ The first special ground of the motion for new trial complains that the trial court erred in failing, even without request, to charge on forgery. This contention was made in the caveat. On the trial the propounder, who was the scrivener of the will, and the sole beneficiary, testified as to the circumstances surrounding the execution of the will as did the two witnesses. The testator was admitted to the hospital at approximately 5:30 or 6 o'clock in the evening after having

suffered a stroke a day or two previously. After being examined in the emergency room he was admitted and placed in a room where he asked the propounder to write his will leaving her everything, that the will was written in longhand by the propounder, that it was read to the testator twice and he then stated that that was what he wanted, that he signed the will himself and that the witnesses then signed it. The caveators presented evidence of a physician who admitted the testator to the hospital. He testified that from the time the testator was admitted to the hospital he had only a "glimmering of reason," would only answer the simplest of questions with a yes or no answer after repeated prodding, and at 9:30 P.M., when he again examined the testator his mental condition was no better than when admitted and might have been "slightly worse." A nurse who was on duty at the hospital at the time the testator was admitted and until after the time the purported will was signed, testified that the testator could not perform the simplest task such as drinking water, undressing himself, turning on the light, etc., that he would not answer even the simplest question and in the opinion of the witness he could not sign his name at the time the will was purportedly signed.

While generally the method of proving forgery is the testimony of the signer himself that it is not his signature, or testimony of those familiar with his true signature, or experts, who make a comparison between the purported signature and those admitted to be authentic, yet evidence that the deceased signer was unable, mentally or physically, to sign his name at the time the purported will was signed is admissible (see 95 CJS 300, Wills, § 395), and such evidence together with the pleadings of forgery required a charge on such subject, for "forgery, like fraud or any other fact, may be proved by circumstantial evidence." Stow v. Hargrove, 203 Ga. 735 (5) (48 SE2d 454).

■ The next question presented is whether the trial court erred in failing to charge on undue influence. This issue was made by the pleadings.

On the trial of the case the propounder and sole beneficiary under the purported will was asked about certain declarations and admissions made by her with reference to undue influence

practiced by her on the testator. She denied making such statements. Thereafter one of the caveators testified that the propounder did make such statements, and the propounder objected. At this point counsel for the caveators stated that they were offering such evidence solely for impeachment purposes and the propounder's objection was overruled. Thus assuming that such evidence was admissible to prove the allegations of undue influence, yet when the purpose of such evidence was limited to impeachment it could not be used to prove undue influence. See *City of Atlanta v. Brown*, 73 Ga. 630 (2); *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 15 (5 SE2d 214). Accordingly, when the admissions against interest of the propounder were limited to purposes of impeachment only, the caveators' evidence failed to support the allegations of undue influence and it was not error for the trial court to fail to charge on such issue.

■ The third special ground of the amended motion for new trial complains of the refusal to permit the caveators to cross examine a witness subpoenaed by the propounder. While counsel for the caveators contends the witness was called to the stand, then excused by the propounder without asking her any questions, the record does not show that this occurred. All the record shows is that the witness was excused by the party who subpoenaed her before she was examined. No harmful error is shown by this ground of the motion for new trial.

■ "The court in his discretion may allow a leading question to be propounded to a witness; and unless that discretion is abused, the allowance of a leading question is not ground for a new trial. *Roberts v. DeVane*, 129 Ga. 604 (59 SE 289)." *Higdon v. Williamson*, 140 Ga. 187 (78 SE 767). No abuse of discretion was shown by the trial court in permitting such leading questions to be asked, nor was the answer so unresponsive as to require its exclusion.

■ The usual general grounds of the motion for new trial were expressly abandoned and will not be passed upon.

*Judgment reversed. All the Justices concur.*